UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ORTIZ-KEHOE,

    Plaintiff,

v.

LARRY S. ROYSTER, et al.,

    Defendants.
_____/

Case No. 1:23-cv-532

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff John Ortiz-Kehoe brought this action under 42 U.S.C § 1983 against Defendants Larry S. Royster and Julie Clement. The magistrate judge entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint because Defendants are immune from relief and because Plaintiff fails to state a claim against them. (R&R, ECF No. 6.) Before the Court are Plaintiff's objections to the R&R (ECF No. 7). For the reasons below, this Court will adopt the disposition recommended by the R&R and dismiss the case.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In 2022, Plaintiff sought to challenge his 1997 conviction and sentence for first-degree murder by filing a complaint for writ of habeas corpus with the Chippewa County Circuit Court. That court denied relief. Plaintiff then appealed this decision to the Michigan Court of Appeals, which affirmed the circuit court's denial. Plaintiff did not appeal this decision to the Michigan

Supreme Court within the time provided by the Michigan Court Rules. Instead, he filed an original complaint for writ of habeas corpus with the Michigan Supreme Court.

Defendant Clement from the Michigan Supreme Court clerk's office returned Plaintiff's habeas corpus complaint because Plaintiff missed the deadline for filing an appeal. Defendant Royster subsequently sent Plaintiff a letter explaining why the clerk treated the complaint as an appeal and why Plaintiff did not qualify for filing an original habeas complaint with the Michigan Supreme Court. Plaintiff claims that Defendants violated his constitutional right of access to the courts.

The magistrate judge determined that Defendants are entitled to quasi-judicial immunity for Plaintiff's claims against them in their personal capacities, and they are entitled to sovereign immunity for Plaintiff's claims against them in their official capacities. In addition, injunctive relief is not available to Plaintiff under § 1983 because Defendants are judicial officers.

The magistrate judge also determined that Plaintiff failed to state a denial-of-access-to-the-courts claim because his allegations did not establish actual injury. According to the magistrate judge, Plaintiff did not have a right to file an original complaint for habeas corpus with the Michigan Supreme Court. In other words, Defendants did not impede his access to the courts because his filing was frivolous.

Plaintiff makes several objections, none of which adequately address the fact that Defendants are immune from relief. Indeed, Plaintiff acknowledges that the Sixth Circuit has held that court clerks are entitled to quasi-judicial immunity under similar circumstances. By itself, immunity is sufficient to dismiss Plaintiff's complaint. Plaintiff does cite unpublished district court cases and non-binding cases from outside this Circuit that purport to cast doubt on the Sixth

Circuit's application of judicial immunity to court clerks.  However, the Court must follow Sixth Circuit precedent.

Plaintiff also objects to the magistrate judge's conclusion regarding the absence of actual injury to support a denial-of-access claim.  The magistrate judge concluded that Plaintiff did not suffer injury because he did not have a right to file a habeas corpus petition directly with the Michigan Supreme Court.  Plaintiff objects, arguing that he has a right under the Michigan constitution to file a writ of habeas corpus directly with the Michigan Supreme Court, and that Defendants deprived him of that right.  Lacking in his objections, however, is any case law or textual support for his position.  That the Michigan constitution gives the Michigan Supreme Court the *power* to hear such petitions does not mean that it *must* hear one when filed directly with that court, as opposed to considering such petitions after the petitioner has proceeded through the appellate process in accordance with the Michigan Court Rules.  Plaintiff cites cases suggesting a "former practice" of submitting writs of habeas corpus directly to the Michigan Supreme Court, but that former practice does not establish a present right.  (*See* Pl.'s Objs., PageID.196.)  Without a right to file his petition directly, Plaintiff did not suffer actual injury.  Moreover, Plaintiff could have appealed the Michigan Court of Appeals' decision within the time for doing so.  His failure to file that appeal is not attributable to Defendants.  Thus, Plaintiff's objection is meritless because Defendants were not the source of any injury to his proceedings.

Finally, Plaintiff objects to the magistrate judge's recommendation that the Court find that an appeal would be frivolous.  Upon consideration, the Court will not adopt this recommendation.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court in all respects except for the recommendation that the Court find that an appeal would be frivolous.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

The Court will enter a judgment dismissing the case.

Dated: December 20, 2023                     /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE